**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN SIMKUS, on behalf of himself and the classes defined herein, | ) ) ) | |
| Plaintiff, | ) ) | Case No.  11-cv-7425 |
| v. | ) ) | Judge Marvin E. Aspen |
| CAVALRY PORTFOLIO SERVICES, LLC; and CAVALRY INVESTMENTS, LLC, | ) ) | Magistrate Judge Sheila M. Finnegan |
| Defendants. | ) ) ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, CAVALRY PORTFOLIO SERVICES, LLC and CAVALRY INVESTMENTS, LLC (collectively, "Defendants"), by their attorneys, Katrina S. Christakis and Raechelle Delarmente Norman (Grady Pilgrim Christakis Bell LLP, *of counsel*), answers Plaintiff's complaint as follows:

**INTRODUCTION**

1.      Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Cavalry Portfolio Services, LLC and Cavalry Investments, LLC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

**ANSWER:**      Defendants admit that this paragraph describes Plaintiff's claims. However, Defendants deny they engaged in unlawful conduct.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:**      Defendants admit that this paragraph is descriptive of the FDCPA. However, Defendants deny that they engaged in unlawful conduct.

3.      Specifically, plaintiff alleges that defendants added unauthorized interest to debts that they attempted to collect.

**ANSWER:**      Defendants admit that Plaintiff alleges that Defendants added

unauthorized interest to debts that they attempted to collect.  However, Defendants deny

that they engaged in unlawful conduct.

## VENUE AND JURISDICTION

4.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

**ANSWER:**      Defendants admit the allegations of this paragraph.

5.      Venue and personal jurisdiction in this District are proper because:

  a.      Defendants' collection communications and activities impacted plaintiff within this District;

  b.      Each defendant does business and has a registered office within this District.

**ANSWER:**      Defendants admit that venue and personal jurisdiction are proper.

## PARTIES

6.      Plaintiff Jonathan Simkus is a resident of the Northern District of Illinois.

**ANSWER:**      Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

7.      Defendant Cavalry Portfolio Services, LLC is a limited liability company chartered under Delaware law with offices at 500 Summit Lake Drive, Suite 4A, Valhalla, New York 10595. It does business in Illinois.  Its registered agent and office in Illinois is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

**ANSWER:**      Defendants admit that CPS is a limited liability company chartered

under Delaware law with offices at 500 Summit Lake Drive, Suite 4A, Valhalla, New York

10595, and that its registered agent is CT Corporation System, 208 S. LaSalle Street, Suite

814, Chicago, IL 60604.  Defendants deny the remaining allegations of this paragraph.

8.    Defendant Cavalry Portfolio Services, LLC is engaged in the business of collecting charged off consumer debts originally owed to others.

**ANSWER:**    Defendants admit the allegations of this paragraph.

9.    Cavalry Portfolio Services, LLC uses the mails in conducting its business.

**ANSWER:**    Defendants admit the allegations of this paragraph.

10.    Cavalry Portfolio Services, LLC is a debt collector as defined in the FDCPA.

**ANSWER:**    Defendants admit that CPS is a "debt collector" as defined in the

FDCPA, for some purposes, but deny the remaining allegations of this paragraph.

11.    Defendant Cavalry Investments, LLC is a limited liability company chartered under Delaware law with offices at 1013 Centre Road, Wilmington, Delaware 19805. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

**ANSWER:**    Defendants admit that CI is a limited liability company chartered

under Delaware law with offices at 1013 Centre Road, Wilmington, Delaware 19805, and

 that its registered agent is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago,

IL 60604.  Defendants deny the remaining allegations of this paragraph.

12.    Defendant Cavalry Investments, LLC is engaged in the business of purchasing or acquiring, or claims to purchase or acquire, charged off consumer debts originally owed to others.

**ANSWER:**    Defendants admit the allegations of this paragraph.

13.    On information and belief, Cavalry Investments, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

**ANSWER:**    Defendants assert that this allegation is immaterial, impertinent, and

scandalous, and that it has been made for improper purposes.  Defendants assert that the

 price paid for a debt is irrelevant except in a suit between the purchaser and the seller of

the debt, and the allegation is not made here for any proper purpose under the Federal

Rules of Civil Procedure. Subject to, and without waiving this objection, Defendants state

that it is in the nature of commercial transfers of debts that debts such as mortgages,

automobile notes, retail installment contracts, and credit card debts are all sold at a

discount, and Defendants purchase delinquent debts under many different contracts, from

many different sellers, and at varying discount rates.

14.    Cavalry Investments, LLC uses the mails and telephone system in conducting its business.

**ANSWER:**    Defendants admit the allegations of this paragraph.

15.    Cavalry Investments, LLC is a debt collector as defined in the FDCPA.

**ANSWER:**    Defendants deny the allegations of this paragraph.

16.    Defendants Cavalry Portfolio Services, LLC and Cavalry Investments, LLC are affiliates and are under common management and control.

**ANSWER:**    Defendants deny the allegations of this paragraph.

## FACTS RELATING TO PLAINTIFF

17.    On or about December 9, 2010, Capital Management Services, L.P. sent plaintiff the collection letter attached as Exhibit A on behalf of Bank of America.

**ANSWER:**    Defendants admit that Exhibit A is attached to Plaintiff's complaint.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph and therefore, on that basis, deny the remaining

allegations.

18.    Exhibit A sought to collect an alleged credit card debt incurred for personal, family or household purposes and not for business purposes.

**ANSWER:**       Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

19.       The debt had been charged off by Bank of America in early 2009.

**ANSWER:**       Defendants admit that the debt had been charged off by Bank of

America in 2009, but deny that the charge off occurred in "early 2009."

20.       On or about June 13, 2011, Cavalry Portfolio Services, LLC sent plaintiff the
collection letter attached as Exhibit B.

**ANSWER:**       Defendants admit the allegations of this paragraph.

21.       Exhibit B was sent on behalf of Cavalry Investments, LLC.

**ANSWER:**       Defendants admit the allegations of this paragraph.

22.       Exhibits A and B relate to the same debt.  However, the account number on
Exhibit B has been changed.

**ANSWER:**       Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

23.       Exhibit A states that the amount of the debt is $7,077.66.

**ANSWER:**       Defendants admit that Exhibit A states that the "balance" of the debt is

$7,077.66.  Defendants deny the remaining allegations of this paragraph.

24.       Bank of America had provided that number as the amount of the claimed
debt to Capital Management Services, L.P.

**ANSWER:**       Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

25.     In May of 2011, Bank of America reported to Trans Union that the Debt was $7,077 (Exhibit C). Exhibit B, sent six months after Exhibit A and one month after Exhibit C, states that the amount of the debt is $10,828.28.

**ANSWER:**     Defendants admit that Exhibit B states that the outstanding balance of

the debt is $10,828.28.  Defendants lack knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of this paragraph and therefore, on that

basis, deny the remaining allegations.

26.     In August 2011, Cavalry Portfolio Services, LLC reported the debt to Trans Union in the amount of $11,192.  A copy of its "tradeline" and that of Bank of America is attached as Exhibit C.

**ANSWER:**     Defendants admit the allegations of this paragraph.

27.     It is apparent from a comparison of the two "tradelines" that they relate to the same debt.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

28.     The amount of the debt did not increase by $3,750.62 in 1 month or 6 months.  Such an increase would involve an interest rate in excess of 100% and is not authorized on any credit card issued by Bank of America and its affiliates.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

29.     Cavalry Portfolio Services, LLC and Cavalry Investments, LLC added interest for periods prior to their alleged purchase of the debt, while the debt was owned by Bank of America.

**ANSWER:**     Defendants admit the allegations of this paragraph.

30.     Bank of America had not added such interest to the debt.

**ANSWER:**        Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

31.        Bank of America did not send any billing statements to plaintiff after it
charged off the account.

**ANSWER:**        Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

32.        Bank of America had treated the debt as being in the amount of $7,077.66.

**ANSWER:**        Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

33.        Bank of America had sold the debt as being one of $7,077.66.

**ANSWER:**        Defendants deny the allegations of this paragraph.

34.        Between the date the account was charged off and the date Bank of America
allegedly sold the debt to Cavalry Investments, LLC, Bank of America waived all further
interest and finance charges on the account.

**ANSWER:**        Defendants deny the allegations of this paragraph.

35.        Bank of America had reported the amount to Trans Union as one of $7,077.66
and not some larger amount.

**ANSWER:**        Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

36.        Because of the change in amount and number, plaintiff did not recognize the
debt described in Exhibit B upon receipt of the letter.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

37.     On or about June 29, 2011, plaintiff sent defendants the letter attached as
Exhibit D.

**ANSWER:**     Defendants admit that they received Exhibit D.  Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of this paragraph and therefore, on that basis, deny the remaining allegations.

38.     On or about September 2, 2011, defendants sent plaintiff the letter attached
as Exhibit E.

**ANSWER:**     Defendants admit the allegations of this paragraph.

39.     Exhibit E again contained the higher amount and different account number,
neither of which plaintiff recognized.  There was no reference to the Bank of America
account number.

**ANSWER:**     Defendants deny that "there was no reference to the Bank of America

Account number."  Defendants lack knowledge or information sufficient to form a belief as

to the truth of the remaining allegations of this paragraph and therefore, on that basis, deny

the remaining allegations.

40.     Plaintiff was required to consult counsel and obtain his credit report in order
to ascertain that debt sought in Exhibit B was the same as that in Exhibit A.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

**FACTS - GENERAL**

41.     Most of the debts which defendants seek to collect are delinquent credit card
accounts formerly held by banks.

8

**ANSWER:**        Defendants admit that, at times, Cavalry Investments, LLC purchases

delinquent credit card accounts formerly held by banks.  Defendants deny the remaining

allegations of this paragraph.

42.        Defendant Cavalry Investments, LLC often purchases, or claims to purchase,
credit card debts from banks months or years after the bank has charged off the debts.

**ANSWER:**        Defendants admit that, at times, Cavalry Investments, LLC purchases

credit card debts from banks after the bank has charged off the debts.  Defendants deny the

remaining allegations of this paragraph.

43.        Standard form credit card agreements used by banks provide that the terms
of the agreement can be changed from time to time, and that changes beneficial to the
consumer such as a reduction in or waiver of interest may be effected [*sic*] immediately and
without notice.

**ANSWER:**        Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

44.        Chargeoff means that the credit card receivable is no longer carried on the
bank's books as an asset.  Under federal regulations, a bank must charge off a credit card
receivable after it has been delinquent 180 days; it may charge it off sooner.  Federal
Financial Institutions Examination Council, Uniform Retail Credit Classification and Account
Management Policy, 65 FR 36903 (June 12, 2000).

**ANSWER:**        Defendants admit the allegations of this paragraph.

45.        As a standard practice, and for a variety of sound business reasons, most
banks waive interest on credit card debts after chargeoff for as long as the debts are held by
the banks.

**ANSWER:**        Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

46.        Among other reasons for this practice, banks did not, and do not, want to
increase the amount of bad debts on their books, for regulatory reasons.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

47.     Prior to February 22, 2010 (when the regulation was amended), banks were required to issue periodic statements on an account until the bank "[deemed] it uncollectible," or instituted legal proceedings. 12 C.F.R. §226.5(b)(2). The addition of interest could be construed as meaning that the debt was not deemed uncollectible. See 26 C.F.R. §1.6050P-1. Most banks prudentially did not add interest to charged off debts.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

48.     As amended, 12 C.F.R. § 226.5(b)(2) now requires banks to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to the account. 12 C.F.R.§226.5(b)(2)(I) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account. . . ."). Banks generally prefer to waive the interest and save the expense of preparing and sending statements.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph and therefore, on that basis, deny the

allegations.

49.     Defendant Cavalry Portfolio Services, LLC, on behalf of Cavalry Investments, LLC, engages in a practice of adding interest to credit card debts after the assignor bank has waived the interest.  Specifically, Cavalry Investments, LLC adds interest for the period between chargeoff and the alleged purchase by Cavalry Investments, LLC.

**ANSWER:**     Defendants deny the allegations of this paragraph.

50.     On information and belief, credit card issuers report the charge-off amount to credit reporting agencies. Defendant Cavalry Investments, LLC reports an amount that includes interest for the period of time after charge-off and prior to sale of the account to a debt purchaser.  This is the reason for the difference in amount between the two "tradelines" on Exhibit C.  In both cases, the reporting is made to anyone who may see and use credit reports, including the consumer and other creditors.

**ANSWER:**     Defendants deny the allegations of this paragraph.

51.     The retroactive addition of interest is improper. An assignee steps into the shoes of the assignor as of the date the assignor sells the account, and has no right to retroactively reverse the assignor's business decision to not charge interest during a period when the assignee did not hold the account.

**ANSWER:**     Defendants deny the allegations of this paragraph.

52.     Furthermore, on information and belief, Bank of America was paid for the debt based on a percentage (about 3%) of the debt shown on its books and Cavalry Investments, LLC cannot claim that the debt was really larger. "The rule is that an assignee of a contract takes it subject to the defenses which existed against the assignor at the time of assignment." *Allis-Chalmers Credit Corp. v. McCormick*, 30 Ill.App.3d 423, 331 N.E.2d 832, 833 (4th Dist. 1975). *Accord Montgomery Ward & Co. v. Wetzel*, 98 Ill.App.3d 243, 423 N.E.2d 1170, 1175, 53 Ill..Dec. 366 (1st Dist. 1981) ("the assignee thus takes the assignor's interest subject to all legal and equitable defenses existing at the time of assignment").

**ANSWER:**     Defendants assert that the amount Bank of America was paid for the

debt is immaterial, impertinent, and scandalous, and that it has been made for improper

purposes.  Defendants assert that the price paid for a debt is irrelevant except in a suit

between the purchaser and the seller of the debt, and the allegation is not made here for

any proper purpose under the Federal Rules of Civil Procedure.

## COUNT I – FDCPA – CLASS CLAIM

53.     Plaintiff incorporates paragraphs 1-52.

**ANSWER:**     Defendants incorporate their answers to paragraphs 1-52.

54.     The addition of unauthorized interest to debts is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §§1692f and 1692f(1).

**ANSWER:**     Defendants deny the allegations of this paragraph.

55.     Section 1692e provides:

§ 1692e.  False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

    (2)      The false representation of --

     (A)      the character, amount, or legal status of any debt; . . .

    (5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

    (10)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

**ANSWER:**     Defendant admits the allegations of this paragraph accurately quote certain provisions of the FDCPA.

56.     Section 1692f provides:

§ 1692f. Unfair practices [Section 808 of P.L.]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1)      The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

**ANSWER:**     Defendant admits the allegations of this paragraph accurately quote certain provisions of the FDCPA.

## CLASS ALLEGATIONS

57.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:**     Defendants admit that Plaintiff purports to bring this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23 (a) and 23(b)(3), but deny that any class should be certified and further deny that this case can or should be maintained as a class action.

58.     The class consists of (a) all individuals (b) to whose alleged debt Cavalry Investments, LLC or Cavalry Portfolio Services, LLC added interest for a period prior to the alleged ownership of the debt by Cavalry Investments, LLC  that had not been added by the holder of the debt at that time (c) where any document adding such interest or claiming the right to add such interest was sent or delivered to the individual at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:**     Defendants admit plaintiff purports to represent a class consisting of

(a) all individuals (b) to whose alleged debt Cavalry Investments, LLC or Cavalry Portfolio

Services, LLC added interest for a period prior to the alleged ownership of the debt by

Cavalry Investments, LLC  that had not been added by the holder of the debt at that time (c)

where any document adding such interest or claiming the right to add such interest was

sent or delivered to the individual at any time during a period beginning one year prior to

the filing of this action and ending 20 days after the filing of this action.  Defendants deny

that any class should be certified and further denies that this case can or should be

maintained as a class action.

59.     The class is so numerous that joinder of all members is not practicable.

**ANSWER:**     Defendants deny the allegations of this paragraph.

60.     On information and belief, based on an electronic search of court dockets, there are at least 500 members of the class.

**ANSWER:**     Defendants deny the allegations of this paragraph.

61.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

     a.     Whether a debt buyer can retroactively reverse the decision of a credit card issuer to not charge interest for a period when the debt is held by the issuer;

     b.     Whether defendants engage in a practice of adding or suing for such interest, or claiming the right to do so;

c.     Whether such conduct violates the FDCPA.

**ANSWER:**     Defendants deny the allegations of this paragraph.

62.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

**ANSWER:**     Defendants deny the allegations of this paragraph.

63.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:**     Defendants deny the allegations of this paragraph.

64.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.     Individual actions are not economically feasible;

b.     Members of the class are likely to be unaware of their rights;

c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:**     Defendants deny the allegations of this paragraph.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT – CLASS CLAIM

65.     Plaintiff incorporates paragraphs 1-52.

**ANSWER:**     Defendants incorporate their answers to paragraphs 1-52.

66.     Cavalry Portfolio Services, LLC and Cavalry Investments, LLC are each a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

**ANSWER:**     Defendants admit that they are collection agencies under the ICAA, for

some purposes, but deny the remaining allegations of this paragraph.

67.     Defendants violated the following provisions of 225 ILCS 425/9 by adding unauthorized interest to debts:

(20)  Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .

(26)  Misrepresenting the amount of the claim or debt alleged to be owed.

14

(27) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt. . . .

(29) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law . . .

**ANSWER:**    Defendants deny the allegations of this paragraph.

68.    Plaintiff was damaged as a result.

**ANSWER:**    Defendants deny the allegations of this paragraph.

## CLASS ALLEGATIONS

69.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:**    Defendants admit that Plaintiff purports to bring this claim on behalf of pursuant to Fed. R. Civ. P. 23 (a) and 23(b)(3), but deny that any class should be certified and further deny that this case can or should be maintained as a class action.

70.    The class consists of (a) all individuals with Illinois addresses (b) to whose alleged debt Cavalry Investments, LLC or Cavalry Portfolio Services, LLC added interest for a period prior to the alleged ownership of the debt by Cavalry Investments, LLC that had not been added by the holder of the debt at that time (c) where any document adding such interest or claiming the right to add such interest was sent or delivered to the individual at any time during a period beginning five years prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:**    Defendants admit that plaintiff purports to represent a class consisting of (a) all individuals with Illinois addresses (b) to whose alleged debt Cavalry Investments, LLC or Cavalry Portfolio Services, LLC added interest for a period prior to the alleged ownership of the debt by Cavalry Investments, LLC that had not been added by the holder of the debt at that time (c) where any document adding such interest or claiming the right to add such interest was sent or delivered to the individual at any time during a period

beginning five years prior to the filing of this action and ending 20 days after the filing of

this action. Defendants deny that any class should be certified and further denies that this

case can or should be maintained as a class action.

71.     The class is so numerous that joinder of all members is not practicable.

**ANSWER:**     Defendants deny the allegations of this paragraph.

72.     Based on a search of computerized court records, there are more than 40
persons meeting the above class definition.

**ANSWER:**     Defendants deny the allegations of this paragraph.

73.     There are questions of law and fact common to the class members, which
common questions predominate over any questions relating to individual class members.
The predominant common questions are:

> a.     Whether a debt buyer can retroactively reverse the decision of a credit
> card issuer to not charge interest for a period when the debt is held by
> the issuer;
>
> b.     Whether defendants engage in a practice of adding or suing for such
> interest, or claiming the right to do so;
>
> c.     Whether such conduct violates the ICAA.

**ANSWER:**     Defendants deny the allegations of this paragraph.

74.     Plaintiff's claim is typical of the claims of the class members. All are based on
the same factual and legal theories.

**ANSWER:**     Defendants deny the allegations of this paragraph.

75.     Plaintiff will fairly and adequately represent the class members. Plaintiff has
retained counsel experienced in class actions and collection abuse litigation.

**ANSWER:**     Defendants deny the allegations of this paragraph.

76.     A class action is superior for the fair and efficient adjudication of this matter,
in that:

> a.     Individual actions are not economically feasible;
>
> b.     Members of the class are likely to be unaware of their rights.

16

**ANSWER:**    Defendants deny the allegations of this paragraph.

### COUNT III – DECLARATORY AND EQUITABLE RELIEF – CLASS CLAIM

77.    Plaintiff incorporates paragraphs 1-52.

**ANSWER:**    Defendants incorporate their answers to paragraphs 1-52.

78.    Defendants Cavalry Portfolio Services, LLC and Cavalry Investments, LLC regularly (a) add unauthorized interest to debts (b) demand payment of such unauthorized interest and (c) on information and belief, report such unauthorized interest to credit bureaus.

**ANSWER:**    Defendants deny the allegations of this paragraph.

### CLASS ALLEGATIONS

79.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:**    Defendants admit that Plaintiff purports to bring this claim on behalf

of pursuant to Fed. R. Civ. P. 23 (a) and 23(b)(3), but deny that any class should be certified

and further deny that this case can or should be maintained as a class action.

80.    The class consists of (a) all individuals (b) to whose alleged debt Cavalry Investments, LLC or Cavalry Portfolio Services, LLC added interest for a period prior to the alleged ownership of the debt by Cavalry Investments, LLC that had not been added by the holder of the debt at that time.

**ANSWER:**    Defendants admit that plaintiff purports to represent a class

consisting of (a) all individuals (b) to whose alleged debt Cavalry Investments, LLC or

Cavalry Portfolio Services, LLC added interest for a period prior to the alleged ownership of

the debt by Cavalry Investments, LLC that had not been added by the holder of the debt at

that time.  Defendants deny that any class should be certified and further denies that this

case can or should be maintained as a class action.

81.    The class is so numerous that joinder of all members is not practicable.

**ANSWER:**    Defendants deny the allegations of this paragraph.

82.     Based on a search of computerized court records, there are more than 500 persons meeting the above class definition.

**ANSWER:**     Defendants deny the allegations of this paragraph.

83.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

      a.      Whether a debt buyer can retroactively reverse the decision of a credit card issuer to not charge interest for a period when the debt is held by the issuer;

      b.      Whether defendants engage in a practice of adding or suing for such interest, or claiming the right to do so;

      c.      Whether such conduct should be declared unlawful and enjoined.

**ANSWER:**     Defendants deny the allegations of this paragraph.

84.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

**ANSWER:**     Defendants deny the allegations of this paragraph.

85.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

**ANSWER:**     Defendants deny the allegations of this paragraph.

86.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible;

      b.      Members of the class are likely to be unaware of their rights.

**ANSWER:**     Defendants deny the allegations of this paragraph.

## **AFFIRMATIVE DEFENSES**

Defendants, CAVALRY PORTFOLIO SERVICES, LLC and CAVALRY INVESTMENTS, LLC (collectively, "Defendants"), by their attorneys, state as their Affirmative Defenses to Plaintiff's Complaint as follows:

1.      Although Defendants deny that they are liable to Plaintiff and the putative class members in any manner, in the event Defendants are found liable to Plaintiff and/or any putative class member, the amount of any liability must be set off by all amounts Plaintiff and the putative class are obligated to pay Defendants, including all amounts due under their respective credit agreements.

2.      The credit agreements entered into between certain members of the putative class contain provisions that contractually obligate them to arbitrate any dispute, claim or controversy arising out of the enforcement or collection of their accounts, and therefore some or all of the claims are or may be subject to arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §1 et seq.

WHEREFORE, Defendants Cavalry Portfolio Services, LLC and Cavalry Investments, LLC respectfully request that the Court:

A.      dismiss Plaintiff's Complaint with prejudice, or, alternatively, enter judgment in favor of Defendants and against Plaintiff;

B.      deny certification of any class;

C.      award Defendants their court costs and attorneys' fees; and

D.      award Defendants any other and further relief that this Court deems just and equitable.

Respectfully submitted,

CAVALRY PORTFOLIO SERVICES, LLC and
CAVALRY INVESTMENTS LLC

By:   /s Raechelle Delarmente Norman
                    One of their Attorneys


Anna-Katrina S. Christakis (ARDC #6242675)
Raechelle Delarmente Norman (ARDC #6292683)
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Ph. (312) 939-0953
Fax (312) 939-0983

## **CERTIFICATE OF SERVICE**

Raechelle Delarmente Norman, an attorney, certifies that on June 15, 2012, she electronically filed the foregoing **Defendants' Answer to Plaintiff's Complaint**, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
dedleman@edcombs.com

Francis R. Greene
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
fgreene@edcombs.com

Cathleen M. Combs
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
ccombs@edcombs.com

James O. Latturner
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
jlatturner@edcombs.com

/s/ Raechelle Delarmente Norman

21