**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN SIMKUS, | ) | |
| on behalf of himself and the classes | ) | |
| described herein, | ) | |
| | ) | 11-cv-7425 |
| Plaintiff, | ) | |
| | ) | Judge Marvin E. Aspen |
| vs. | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| CAVALRY PORTFOLIO SERVICES, | ) | |
| LLC and CAVALRY SPV I, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE CLAIMS**

**INTRODUCTION**

1.      Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      Specifically, plaintiff alleges that defendants added unauthorized interest to debts that they attempted to collect.

## VENUE AND JURISDICTION

4.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C.

§1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

5.      Venue and personal jurisdiction in this District are proper because:

a.      Defendants' collection communications and activities impacted

plaintiff within this District;

b.      Each defendant does business and has a registered office within

this District.

## PARTIES

6.      Plaintiff Jonathan Simkus is a resident of the Northern District of Illinois.

7.      Defendant Cavalry Portfolio Services, LLC is a limited liability company

chartered under Delaware law with offices at 500 Summit Lake Drive, Suite 4A, Valhalla, New

York 10595. It does business in Illinois.  Its registered agent and office in Illinois is CT

Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

8.      Defendant Cavalry Portfolio Services, LLC is engaged in the business of

collecting charged off consumer debts originally owed to others.

9.      Cavalry Portfolio Services, LLC uses the mails in conducting its business.

10.     Cavalry Portfolio Services, LLC is a debt collector as defined in the

FDCPA.

11.     Defendant Cavalry SPV I, LLC is a limited liability company

chartered under Delaware law with offices at 500 Summit Lake Dr., #400, Valhalla, NY

105951340. It does business in Illinois. Its registered agent and office is CT Corporation System,

2

208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

        12.     Defendant Cavalry SPV I, LLC is engaged in the business of purchasing or acquiring, or claims to purchase or acquire, charged off consumer debts originally owed to others.

        13.     On information and belief, Cavalry SPV I, LLC  pays an average of less than ten cents on the dollar for the debts it purchases.

        14.     Cavalry SPV I, LLC uses the mails and telephone system in conducting its business.

        15.     Cavalry SPV I, LLC is a debt collector as defined in the FDCPA.

        16.     Defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC are affiliates and are under common management and control.

## FACTS RELATING TO PLAINTIFF

        17.     On or about December 9, 2010, Capital Management Services, L.P. sent plaintiff the collection letter attached as Exhibit A on behalf of Bank of America.

        18.     Exhibit A sought to collect an alleged credit card debt incurred for personal, family or household purposes and not for business purposes.

        19.     The debt had been charged off by Bank of America in early 2009.

        20.     On or about June 13, 2011, Cavalry Portfolio Services, LLC sent plaintiff the collection letter attached as Exhibit B.

        21.     Exhibit B was sent on behalf of Cavalry SPV I, LLC.

        22.     Exhibits A and B relate to the same debt.  However, the account number on Exhibit B has been changed.

23.     Exhibit A states that the amount of the debt is $7,077.66.

24.     Bank of America had provided that number as the amount of the claimed debt to Capital Management Services, L.P.

25.     In May of 2011, Bank of America reported to Trans Union that the Debt was $7,077 (Exhibit C). Exhibit B, sent six months after Exhibit A and one month after Exhibit C, states that the amount of the debt is $10,828.28.

26.     In August 2011, Cavalry Portfolio Services, LLC reported the debt to Trans Union in the amount of $11,192. A copy of its "tradeline" and that of Bank of America is attached as Exhibit C.

27.     It is apparent from a comparison of the two "tradelines" that they relate to the same debt.

28.     The amount of the debt did not increase by $3,750.62 in 1 month or 6 months. Such an increase would involve an interest rate in excess of 100% and is not authorized on any credit card issued by Bank of America and its affiliates.

29.     Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC added interest for periods prior to their alleged purchase of the debt, while the debt was owned by Bank of America.

30.     Bank of America had not added such interest to the debt.

31.     Bank of America did not send any billing statements to plaintiff after it charged off the account.

32.     Bank of America had treated the debt as being in the amount of $7,077.66.

33.     Bank of America had sold the debt as being one of $7,077.66.

4

34.     Between the date the account was charged off and the date Bank of America allegedly sold the debt to Cavalry SPV I, LLC, Bank of America waived all further interest and finance charges on the account.

35.     Bank of America had reported the amount to Trans Union as one of $7,077.66 and not some larger amount.

36.     Because of the change in amount and number, plaintiff did not recognize the debt described in Exhibit B upon receipt of the letter.

37.     On or about June 29, 2011, plaintiff sent defendants the letter attached as Exhibit D.

38.     On or about September 2, 2011, defendants sent plaintiff the letter attached as Exhibit E.

39.     Exhibit E again contained the higher amount and different account number, neither of which plaintiff recognized.  There was no reference to the Bank of America account number.

40.     Plaintiff was required to consult counsel and obtain his credit report in order to ascertain that debt sought in Exhibit B was the same as that in Exhibit A.

### FACTS - GENERAL

41.     Most of the debts which defendants seek to collect are delinquent credit card accounts formerly held by banks.

42.     Defendant Cavalry SPV I, LLC often purchases, or claims to purchase, credit card debts from banks months or years after the bank has charged off the debts.

43.     Standard form credit card agreements used by banks provide that the

5

terms of the agreement can be changed from time to time, and that changes beneficial to the consumer such as a reduction in or waiver of interest may be effected immediately and without notice.

44.     Chargeoff means that the credit card receivable is no longer carried on the bank's books as an asset. Under federal regulations, a bank must charge off a credit card receivable after it has been delinquent 180 days; it may charge it off sooner. Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

45.     As a standard practice, and for a variety of sound business reasons, most banks waive interest on credit card debts after chargeoff for as long as the debts are held by the banks.

46.     Among other reasons for this practice, banks did not, and do not, want to increase the amount of bad debts on their books, for regulatory reasons.

47.     Prior to February 22, 2010 (when the regulation was amended), banks were required to issue periodic statements on an account until the bank "[deemed] it uncollectible," or instituted legal proceedings. 12 C.F.R. §226.5(b)(2). The addition of interest could be construed as meaning that the debt was *not* deemed uncollectible. See 26 C.F.R. §1.6050P-1. Most banks prudentially did not add interest to charged off debts.

48.     As amended, 12 C.F.R. § 226.5(b)(2) now requires banks to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to the account. 12 C.F.R.§226.5(b)(2)(I) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection

6

proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account. . . .”). Banks generally prefer to waive the interest and save the expense of preparing and sending statements.

49. Defendant Cavalry Portfolio Services, LLC, on behalf of Cavalry SPV I, LLC engages in a practice of adding interest to credit card debts after the assignor bank has waived the interest. Specifically, Cavalry SPV I, LLC adds interest for the period between chargeoff and the alleged purchase by Cavalry SPV I, LLC.

50. On information and belief, credit card issuers report the charge-off amount to credit reporting agencies. Defendant Cavalry SPV I, LLC reports an amount that includes interest for the period of time after charge-off and prior to sale of the account to a debt purchaser. This is the reason for the difference in amount between the two “tradelines” on Exhibit C. In both cases, the reporting is made to anyone who may see and use credit reports, including the consumer and other creditors.

51. The retroactive addition of interest is improper. An assignee steps into the shoes of the assignor as of the date the assignor sells the account, and has no right to retroactively reverse the assignor’s business decision to not charge interest during a period when the assignee did not hold the account.

52. Furthermore, on information and belief, Bank of America was paid for the debt based on a percentage (about 3%) of the debt shown on its books and Cavalry SPV I, LLC cannot claim that the debt was really larger. “The rule is that an assignee of a contract takes it subject to the defenses which existed against the assignor at the time of assignment.” *Allis-*

7

*Chalmers Credit Corp. v. McCormick*, 30 Ill.App.3d 423, 331 N.E.2d 832, 833 (4th Dist. 1975).

*Accord Montgomery Ward & Co. v. Wetzel*, 98 Ill.App.3d 243, 423 N.E.2d 1170, 1175, 53

Ill..Dec. 366 (1st Dist. 1981) ("the assignee thus takes the assignor's interest subject to all legal

and equitable defenses existing at the time of assignment").

## COUNT I – FDCPA – CLASS CLAIM

53.     Plaintiff incorporates paragraphs 1-52.

54.     The addition of unauthorized interest to debts is both a deceptive

collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and

an unfair collection practice, in violation of 15 U.S.C. §§1692f and 1692f(1).

55.     Section 1692e provides:

**§ 1692e.      False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

56.     Section 1692f provides:

**§ 1692f.      Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to**

8

**collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

## CLASS ALLEGATIONS

57.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

58.     The class consists of (a) all individuals (b) to whose alleged debt Cavalry SPV I, LLC or Cavalry Portfolio Services, LLC added interest for a period prior to the alleged ownership of the debt by Cavalry SPV I, LLC  that had not been added by the holder of the debt at that time (c) where any document adding such interest or claiming the right to add such interest was sent or delivered to the individual at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

59.     The class is so numerous that joinder of all members is not practicable.

60.     On information and belief, based on an electronic  search of court dockets, there are at least 500 members of the class.

61.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

> a.     Whether a debt buyer can retroactively reverse the decision of a credit card issuer to not charge interest for a period when the debt is held by the issuer;

> b.     Whether defendants engage in a practice of adding or suing for

9

such interest, or claiming the right to do so;

        c.     Whether such conduct violates the FDCPA.

      62.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

      63.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

      64.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.     Individual actions are not economically feasible;

        b.     Members of the class are likely to be unaware of their rights;

        c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

      WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

      (1)     Statutory damages;

      (2)     Actual damages equal to any unauthorized interest paid;

      (3)     Attorney's fees, litigation expenses and costs of suit;

      (4)     Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT – CLASS CLAIM

      65.     Plaintiff incorporates paragraphs 1-52.

      66.     Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC are each a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

67.     Defendants violated the following provisions of 225 ILCS 425/9 by adding unauthorized interest to debts:

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

**(26) Misrepresenting the amount of the claim or debt alleged to be owed.**

**(27) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt. . . .**

**(29) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law . . .**

68.     Plaintiff was damaged as a result.

## CLASS ALLEGATIONS

69.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

70.     The class consists of (a) all individuals with Illinois addresses (b) to whose alleged debt Cavalry SPV I, LLC or Cavalry Portfolio Services, LLC added interest for a period prior to the alleged ownership of the debt by Cavalry SPV I, LLC that had not been added by the holder of the debt at that time (c) where any document adding such interest or claiming the right to add such interest was sent or delivered to the individual at any time during a period beginning five years prior to the filing of this action and ending 20 days after the filing of this action.

71.     The class is so numerous that joinder of all members is not practicable.

72.     Based on a search of computerized court records, there are more than 40

11

persons meeting the above class definition.

73.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

a.     Whether a debt buyer can retroactively reverse the decision of a credit card issuer to not charge interest for a period when the debt is held by the issuer;

b.     Whether defendants engage in a practice of adding or suing for such interest, or claiming the right to do so;

c.     Whether such conduct violates the ICAA.

74.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

75.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

76.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.     Individual actions are not economically feasible;

b.     Members of the class are likely to be unaware of their rights.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

(1)     Compensatory, nominal and punitive damages;

(2)     Costs;

(3)     Such other and further relief as is appropriate.

12

## COUNT III – DECLARATORY AND EQUITABLE RELIEF – CLASS CLAIM

77.     Plaintiff incorporates paragraphs 1-52.

78.     Defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC regularly (a) add unauthorized interest to debts (b) demand payment of such unauthorized interest and (c) on information and belief, report such unauthorized interest to credit bureaus.

## CLASS ALLEGATIONS

79.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

80.     The class consists of (a) all individuals (b) to whose alleged debt Cavalry SPV I, LLC or Cavalry Portfolio Services, LLC added interest for a period prior to the alleged ownership of the debt by Cavalry SPV I, LLC that had not been added by the holder of the debt at that time.

81.     The class is so numerous that joinder of all members is not practicable.

82.     Based on a search of computerized court records, there are more than 500 persons meeting the above class definition.

83.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

        a.     Whether a debt buyer can retroactively reverse the decision of a credit card issuer to not charge interest for a period when the debt is held by the issuer;

        b.     Whether defendants engage in a practice of adding or suing for such interest, or claiming the right to do so;

        c.      Whether such conduct should be declared unlawful and enjoined.

      84.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

      85.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

      86.    A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.      Individual actions are not economically feasible;

        b.      Members of the class are likely to be unaware of their rights.

      WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

      (1)     A declaration that defendants may not add interest to a debt for a period prior to the alleged ownership of the debt by Cavalry SPV I, LLC  that had not been added by the holder of the debt at that time;

      (2)     An injunction prohibiting defendants from demanding such interest or reporting such interest to credit bureaus;

      (3)     Costs;

      (4)     Such other and further relief as is appropriate.


            s/Daniel A. Edelman
            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene

14

EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Francis R. Greene, hereby certify that on November 12, 2012, I caused to be filed the foregoing document via the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

Anna-Katrina S. Christakis
kchristakis@gradypilgrim.com

Raechelle Delarmente Norman
rnorman@gradypilgrim.com

                                        s/Francis R. Greene
                                        Francis R. Greene

17