IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN SIMKUS, on behalf of himself and the classes described herein, | ) ) ) ) ) ) ) ) ) ) ) ) | 11-cv-7425 Judge Marvin E. Aspen Magistrate Judge Sheila M. Finnegan |
| Plaintiff, | | |
| vs. | | |
| CAVALRY PORTFOLIO SERVICES, LLC and CAVALRY SPV I, LLC, | | |
| Defendants. | | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

On October 19, 2011, Plaintiff Jonathan Simkus filed the complaint, and a motion for class certification, together with supporting memorandum. (Documents 8-9.) Having obtained some, though not all, of the discovery required to support this motion, Plaintiff hereby submits this supplemental memorandum in support of his motion for class certification.

**ARGUMENT**

**I. THE CLASSES ARE SUFFICIENTLY NUMEROUS**

Plaintiff has met the numerosity requirement of Fed. R. Civ. P. 23(a)(1). In discovery, Defendants admitted that there are more than 1000 persons who meet the definition of both the Fair Debt Collection Practices Act class and the Illinois Collection Action Act class. (Defendants' Response to Plaintiff's Requests for Admission, Answer to Requests 4 and 8, pp. 2-3, 4-5, Appendix 1.) Plaintiff will continue to seek the size of the declaratory and equitable relief class from Defendants.

1

## II.  DEFENDANTS HAVE OBJECTED TO PRODUCING INFORMATION RELATED TO THE ENTIRE CLASS

Plaintiff complains that Defendants attempted to collect a debt from him which included interest ("retroactive interest") from the date that the original creditor, Bank of America ("BOA"), charged off the account to the date BOA sold the delinquent account to Defendants. Accordingly, Plaintiff seeks to certify a class of persons from whom Defendants collected or attempted to collect retroactive interest.[1]

In the First Amended Complaint, Plaintiff alleges that most or all banks, not just BOA, have a practice of waiving interest between the date the account was charged-off to the date the account is sold to a debt purchaser such as Defendants.. (First Amended Complaint "FAC", ¶¶ 41-52) Accordingly, Plaintiff does not limit the classes to persons with just BOA accounts; rather, the classes are defined to include *any* persons from whom Defendants attempted to collect retroactive interest, regardless of the original creditor. Plaintiff defined the Fair Debt Collection Practices Act ("FDCPA") and Illinois Collection Act ("ICAA") classes in a way that did not confine the class to persons with BOA accounts:

> The class consists of (a) all individuals (b) to whose alleged debt Cavalry SPV I, LLC or Cavalry Portfolio Services, LLC added interest for a period prior to the alleged ownership of the debt by Cavalry Investments, LLC that had not been added by the holder of the debt at that time (c) where any document adding such interest or claiming the right to add such interest was sent or delivered to the individual at any time during a period beginning one year [five years for the ICAA claim] prior to the filing of this action and ending 20 days after the filing of this action.

(FAC ¶¶ 58, 70) Likewise, the declaratory and equitable relief class is not confined to persons with BOA accounts:

---

[1] The Court denied Defendants' motion to dismiss on May 22, 2012.

> The class consists of (a) all individuals (b) to whose alleged debt Cavalry SPV I, LLC or Cavalry Portfolio Services, LLC added interest for a period prior to the alleged ownership of the debt by Cavalry SPV I, LLC that had not been added by the holder of the debt at that time.

(FAC ¶ 80.)

Plaintiff's discovery requests asked in a number of different ways for the number of persons who met the class definitions above. Defendants objected to producing numerosity for class members whose original creditors were other than BOA on the grounds of relevance, burdensomeness, and overbreadth. *See* Defendants' Response to Plaintiff's Requests for Admission 1-12 (Appendix 1); Defendants' Answers to Plaintiff's Interrogatories 5- 7; (Appendix 2.) Plaintiff anticipates that Defendants will similarly object to discovery requests (Appendix 3) requesting purchase agreements between Defendants and the other creditors from whom they purchased delinquent accounts. At a hearing before the Magistrate Judge on Plaintiff's motion to compel, Defendants' counsel argued that certifying a class of persons who had accounts with creditors other than BOA is inappropriate and justifies Defendants' objections.[2]

Plaintiff has identified a common practice – banks' waiving charge post-charge-off interest and Defendants' attempting to collect that interest retroactively. That practice predominates over any individual issues that class members might not have in common, such as the identity of the original creditor, the amount of retroactive interest charged, whether any class member made payments to Defendants and so on. Likewise, given the common practice, Plaintiff

---

[2]Plaintiff's motion to compel was denied without prejudice as the scope of the class would be briefed by the parties in the class certification briefing. (Document 64.)

can represent all the class members, even those who did not have accounts with BOA.

WHEREFORE, for the foregoing reasons and those set forth in Plaintiff's motion for class certification and supporting memorandum (Documents 8-9), Plaintiff respectfully asks the Court to grant Plaintiff's motion for class certification.[3]

Respectfully submitted,

s/Francis R. Greene
Francis R. Greene

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
    &amp; GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

---

[3] Plaintiff asks the Court to certify the classes defined in the class certification motion and memorandum, except that Cavalry SPV I, LLC should be substituted for Cavalry Investments, LLC.

4

## **CERTIFICATE OF SERVICE**

I, Francis R. Greene, hereby certify that on November 15, 2012, I caused to be filed the foregoing document via the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

Anna-Katrina S. Christakis
kchristakis@gradypilgrim.com

Raechelle Delarmente Norman
rnorman@gradypilgrim.com

s/Francis R. Greene
Francis R. Greene
